## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **JAMES R. AUSTIN and DEBRA R. GARCIS-AUSTIN,** | § § § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:18-cv-71** |
| | § | |
| **THE BANK OF NEW YORK MELON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATEHOLDERS OF THE CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2007-9, and SPECIALIZED LOAN SERVICING, LLC.,** | § § § § § § § § § | |
| **Defendants.** | § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES JUDGE:

Pursuant to 28 U.S.C. §§1441 and 1446, Defendants, The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-9 ("BONY") and Specialized Loan Servicing, LLC ("SLS") (collectively "Defendants") give notice and hereby remove this action from the 212th District Court of Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division, and in support thereof would show unto the Court the following:

### A. Introduction

1.     On February 2, 2018, Plaintiffs James R. Austin and Debra R. Garcia-Austin [sic] ("Plaintiffs"), filed Plaintiffs' Original Petition and Requests for Disclosures ("Petition") in the 212th District Court of Galveston County, Texas, styled *James R. Austin and Debra R. Garcis-*

**DEFENDANTS' NOTICE OF REMOVAL**                                                **PAGE 1**

*Austin v. The Bank of New York Melon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-9, et al.,* bearing Cause Number 18-CV-0130.

2.      Plaintiffs sued Defendants in an effort to stop foreclosure sale which was set for February 6, 2018. Plaintiffs sued Defendants for breach of contract, suit to remove cloud and quiet title and declaratory judgment claiming the home equity loan violates Tex. Const. art. XVI, § 50(a)(6). *See Petition, ¶¶* 23-38. Plaintiffs further seek a permanent injunction forestalling the foreclosure, attempting to purchase, transfer, assign or collection on the mortgage or entering and taking possession of the property. *See Petition* at ¶ 39.  Plaintiffs also request monetary damages of $50,000 or more, including forfeiture of all principal and interest on the Note, reimbursement of all previous payments made on the Note, actual damages, statutory damages, treble damages, exemplary damages, costs, expenses, pre-judgment interest and attorneys' fees. *See Petition* Plaintiff's Prayer for Relief and ¶¶ 34-35. Plaintiffs' lawsuit concerns the foreclosure proceedings relating to Plaintiffs' home equity loan secured by the property commonly known as 309 Morningside Dr., League City, Texas 77573 ("Property").

3.      BONY and SLS were both served with process on February 13, 2018.  Thus, Defendants timely file this notice of removal within the 30-day time dictated by 28 U.S.C. §1446(b).

### **B. Procedural Requirements**

4.      Venue is proper in the United States District Court for the Southern District of Texas, Galveston Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *Also see* 28 USC §124(b)(1).

5.      Pursuant to Southern District of Texas Local Rule 81 and 28 U.S.C. §1446(a), this

*Notice of Removal* is accompanied by copies of the following:

<blockquote>
a. An index of matters being filed is attached hereto as **Exhibit 1**;

b. The state court docket sheet, all pleadings asserting causes of action, all executed process in the case, if any, all answers, if any, and all orders signed by the state court judge, if any, are attached as **Exhibits 2-3**; and

c. A list of all counsel of record, including addresses, telephone numbers and all parties represented is attached hereto as **Exhibit 4**.
</blockquote>

6. Simultaneously with the filing of this *Notice of Removal*, Defendant is filing notice of the removal in the 212th District Court of Galveston County, Texas pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit 5**, and will provide written notice of the filing of this *Notice of Removal* to all parties as required by 28 U.S.C. §1446(a).  Also, in accordance with Local Rule 3, Defendants have filed contemporaneously with this Notice a civil cover sheet, a copy of which is attached hereto as **Exhibit 6**.

7. Defendants are filing their *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit 7**.

## C. Basis for Removal

8. Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §§1332(a).  Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

 **I.** **Diversity of Citizenship**

9. Based on the Petition, Plaintiffs are citizens of Texas.  *Petition,* at ¶ 6.  For the purposes of diversity jurisdiction, a person is considered a citizen of the state where the person is domiciled.  *Preston v. Tennet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007).

10.     BONY, which is sued in its capacity as trustee, is a national banking association. When determining the citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls. *Navarro Sav. Assoc. v. Lee,* 446 U.S. 458, 464-66 (1980).   For purposes of determining BONY's citizenship, it is determined by the location of its main office as set forth in its articles of association.  *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).  BONY's principal office as stated in its articles of association is located in California. Thus, BONY is a citizen of California. 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt,* 654 U.S. 303, 318 (2006).

11.     SLS is a citizen of Delaware and Illinois. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). SLS is a wholly-owned subsidiary of its sole member, Specialized Loan Servicing Holdings, LLC. Specialized Loan Servicing Holdings, LLC is a wholly-owned subsidiary of its sole member, Computershare US Services, Inc. As a corporation, Computershare US Services, Inc. is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 88-89 (2005). Computershare US Services, Inc. is incorporated in Delaware and maintains its principal place of business in Illinois. Accordingly, it is a citizen of Delaware and Illinois.

12.     Since Plaintiffs are citizens of Texas and Defendants are citizens of California, Delaware and Illinois complete diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

## II.    Amount in Controversy

13.     The Petition seeks injunctive relief preventing foreclosure of the Property as well as declaratory judgment that Plaintiff is owner of the Property. "In actions seeking declaratory relief or

injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing*. LP, 777 F.Supp.2d 1039, 1044 (W.D.Tex.2010); *see also Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); *see also Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (*Waller* extended to a suit seeking injunctive relief to prevent foreclosure).

14.     Pursuant to the records of the Galveston County Appraisal District (http://www.gcad.org/) online, the Property is valued at $159,480.00. A true and correct copy of the Galveston CAD property search results is attached hereto as **Exhibit 8** and is incorporated herein.

15.     Plaintiffs additionally seek attorney's fees. *See Petition* at ¶¶ 40-41. It is well-established that potential attorney's fees are also included in determining the amount-in-controversy. *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-677 (5th Circuit. 2003).

16.     Accordingly, the amount in controversy meets and exceeds the federal jurisdictional

minimum of $75,000.00.

### D. Prayer

WHEREFORE, Defendants remove this action from the 212th District Court of Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

_/s/ Crystal Gee Roach_
Crystal Gee Roach
State Bar No. 24027322
SD No. 706039
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 340-7901
(972) 341-0734 (Facsimile)
CrystalR@bdfgroup.com

ATTORNEY FOR DEFENDANTS

### CERTIFICATE OF SERVICE

On March 12, 2018, I certify that a copy of the foregoing was served as indicated to the following:

**Via ECF/email chip.lane@lanelaw.com and matt.bourda@lanelaw.com**
Robert "Chip" Lane
Matthew W. Bourda
The Lane Law Firm
6200 Savoy, Suite 1150
Houston, TX 77036-3300
Attorneys for Plaintiffs

_/s/ Crystal Gee Roach_
Crystal Gee Roach

**DEFENDANTS' NOTICE OF REMOVAL**                                     **PAGE 6**
BDFTE NO. 00000007373038