UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JAMES R. AUSTIN, *et al.*, § § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 3:18-CV-71 |
| § | |
| SPECIALIZED LOAN SERVICING LLC, § *et al.*, § § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, James Austin and Debra Garcia-Austin ("the Austins"), initially sued the defendants in Texas state court when the defendants attempted to foreclose on an allegedly invalid home equity note. In that action, the Austins alleged that the home equity note was invalid because the defendants violated 18 provisions of the Texas Constitution while making and servicing the loan. The case was removed to this Court, and the Austins now allege only a single violation of the Texas Constitution (Dkt. 12).

The defendants moved for summary judgment. The Court has already granted the defendants' motion (Dkt. 21) and now provides its reasons below.

### BACKGROUND

In April of 2007, the Austins took out a home equity loan and executed a home equity note and a deed of trust (Dkt. 1-3). The Austins defaulted on the loan, and as a result the defendants accelerated the note and scheduled a foreclosure sale of the Austins' home for February 6, 2018 (Dkt. 1-3). In order to prevent the foreclosure, the Austins filed this lawsuit in Texas state court on February 2, 2018 (Dkt. 1-3). In their state-court petition, the

1

Austins alleged that the defendants, while making and servicing the loan, had committed 18 different violations of the homestead-protection provisions contained in Article XVI, Section 50(a)(6) of the Texas Constitution (Dkt. 1-3 at pp. 5–6). Those alleged constitutional violations formed the basis for the Austins' causes of action for breach of contract, the quiet title remedy, declaratory relief, and injunctive relief (Dkt. 1-3 at pp. 6–10).

The defendants removed the case to this Court, invoking this Court's diversity jurisdiction (Dkt. 1 at pp. 3–5). *See* 28 U.S.C. § 1332. After removing the case, the defendants filed a pre-motion conference letter under Section 6 of this Court's procedures in which they argued that summary judgment was appropriate because the Austins' breach of contract claim was time-barred and the Austins had no evidence of any violation of the Texas Constitution (Dkt. 9). After the subsequent pre-motion conference, the Austins abandoned 17 of their allegations of constitutional violations, leaving a single alleged constitutional violation—specifically, an alleged failure by the defendants to provide certain documents at closing as required by Article XVI, Section 50(a)(6)(Q)(v) of the Texas Constitution—as the only foundation for the Austins' claims for breach of contract, the quiet title remedy, declaratory relief, and injunctive relief (Dkt. 12).

The defendants moved for summary judgment, reiterating their prior assertions that the Austins' breach of contract claim was time-barred and that the Austins had no evidence of any violation of the Texas Constitution (Dkt. 13). The Austins responded (Dkt. 15), and the defendants filed a reply brief (Dkt. 16). The Court granted the defendants' motion from the bench and now gives its reasons.

## SUMMARY JUDGMENTS

Federal Rule of Civil Procedure 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Id.* at 322–23.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The movant, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The movant may meet its burden by pointing out the absence of evidence supporting the non-movant's case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

If the movant meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material

fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when both parties have submitted evidence of contradictory facts." *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (citation and quotation marks omitted). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the non-movant must present specific facts which show the existence of a genuine issue concerning every essential component of its case. *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003). In the absence of any proof, the Court will not assume that the non-movant could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F.Supp.2d 733, 745 (S.D. Tex. 2003).

A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *Smith v. Southwestern Bell Tel. Co.*, 456 Fed. App'x 489, 492 (5th Cir. 2012) ("[W]e have repeatedly held that self-serving statements, without more, will not defeat a motion for summary judgment, particularly one supported by plentiful contrary evidence."); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Finally, Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment; evidence not referred to in the response to the motion for summary judgment is not properly before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

## ANALYSIS—THE BREACH OF CONTRACT LIMITATIONS PERIOD

The Austins' first cause of action is for forfeiture of principal and interest under Article XVI, Section 50(a)(6)(Q)(x)(d) of the Texas Constitution. Section 50(a)(6)(Q)(x)(d) provides a forfeiture remedy for borrowers who can show that the lender violated Section 50(a)(6)(Q)(v) and failed to properly cure the violation. Texas law allows a claim for forfeiture under Section 50(a)(6)(Q)(x)(d) to be brought as a breach of contract action, *Garofalo v. Ocwen Loan Servicing, L.L.C.*, 497 S.W.3d 474, 480–82 (Tex. 2016),

5

but the Fifth Circuit has held that Texas law also applies a four-year statute of limitations to such actions. *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 603–04 (5th Cir. 2017).

In their briefing, the defendants first argue that the Austins' claim for breach of contract is time-barred (Dkt. 14 at p. 8). Defendants contend that this claim accrued when the parties closed on the loan in April of 2007, as the particular alleged constitutional violation that forms the basis of all of the Austins' claims—the alleged failure by the defendants to provide certain documents at closing as required by Article XVI, Section 50(a)(6)(Q)(v) of the Texas Constitution—would necessarily have occurred at closing (Dkt. 14 at p. 8). Defendants argue that, since the applicable limitations period is four years, the Austins waited seven years too long to file suit.

The Austins do not address the time-bar argument in their response, and they appear to concede that their breach of contract action accrued in April of 2007. This concession is unavoidable: the Fifth Circuit's interpretation of Texas law pegs the accrual date for the Austins' breach of contract action to the date on which the defendants failed to comply with the homestead-protection provisions of the Texas Constitution. *Id.* Here, as in the *Wells Fargo* case, the alleged failure to comply with the Texas Constitution occurred on the date of closing. The Austins have neither credibly argued nor presented competent evidence showing that another accrual date is appropriate. Accordingly, the Court dismisses the Austins' breach of contract claim as time-barred.

## ANALYSIS—THE ALLEGED CONSTITUTIONAL VIOLATION

Even if the Austins' breach of contract claim were not time-barred,[1] it would fail along with the rest of their claims for the simple reason that the Austins, on this summary judgment record, cannot possibly establish a violation of the Texas Constitution. As mentioned above, all of the Austins' claims are predicated on an alleged violation of Article XVI, Section 50(a)(6)(Q)(v) of the Texas Constitution, which requires home-equity lenders to, "at the time the extension of credit is made," provide borrowers with "a copy of the final loan application and all executed documents signed by the owner at closing related to the extension of credit[.]" Tex. Const. art. XVI, § 50(a)(6)(Q)(v). The record contains no evidence that would support a finding of such a violation and ample evidence showing that no such violation occurred.

When the Austins received their home equity loan, they both signed a document entitled "Receipt of Document Copies," which reads:

> I acknowledge that I have received a copy of all the documents I signed at closing in connection with the extension of credit on my homestead property under Section 50(a)(6), Title XVI of the Texas Constitution[.]
> Dkt. 14-2.

The Austins have not presented any competent summary judgment evidence showing that they did not sign this acknowledgement of proper receipt of the required documents. While the Austins did not submit affidavits or declarations with their summary judgment briefing, "self-serving and after-the-fact affidavits" would not have been

---

[1] No statute of limitations applies to the Austins' other claims. *See Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 550 (Tex. 2016); *see also Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 600 (5th Cir. 2017).

7

sufficient to avoid summary judgment in favor of the defendants. The record contains documents "that [the Austins] signed contemporaneously indicating that they did in fact receive copies of relevant documents during the loan process." *Sierra v. Ocwen Loan Servicing, LLC*, No. 4:10-CV-4984, 2012 WL 527940, at *4–5 (S.D. Tex. Feb. 16, 2012). In *Sierra*, Judge Hoyt granted summary judgment for the lender on a claim under Article XVI, Section 50(a)(6)(Q)(v) of the Texas Constitution when, as here, the plaintiffs had signed an acknowledgement of proper receipt of the relevant loan documents. *Id.* In opposition to the lender's motion for summary judgment, the borrowers in *Sierra* proffered only their own affidavits, in which they stated that they had not received the loan documents as required by the Texas Constitution. *Id.* The Austins have failed to match the evidentiary submission that was insufficient to create a fact question in *Sierra*, and the Court will accordingly dismiss the Austins' claims.

## CONCLUSION

This case is **DISMISSED WITH PREJUDICE**. A separate final judgment will issue.

SIGNED AT GALVESTON, TEXAS, on August 2̃5 2019.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

8